```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Sherry Cadell

   v.                                     Civil No. 11-cv-394-JD
                                              Opinion No. 2013 DNH 036

XL Specialty Insurance Company


O R D E R

Following the death of Anderson Cadell, Jr., his wife, Sherry Cadell ("Mrs. Cadell"), brought suit in state court against XL Specialty Insurance Company ("XL") seeking coverage under an automotive insurance policy issued to Anderson Cadell's employer. XL removed the action to this court and filed a counter-claim seeking a declaratory judgment that it owed no coverage under the insurance policy. The parties cross-moved for summary judgment on the issue of whether Mrs. Cadell is entitled to coverage under the insurance policy. The court granted Mrs. Cadell's motion and entered judgment.

After the court entered judgment, XL appealed. While the appeal was pending, the parties agreed to settle the case. The parties filed a joint motion to approve settlement.

Background

Anderson Cadell, Jr. was an employee of United Oil Recovery ("UOR"). On December 1, 2009, in the course of his employment with UOR, Mr. Cadell drove a UOR truck to a job site in Chelmsford, Massachusetts, and stopped in the breakdown lane of Route 3 North. The truck was registered and garaged in New Hampshire. The job entailed collecting containers of hazardous waste materials and hauling them away from the site in the truck.

While Mr. Cadell was standing behind the truck preparing to remove the containers, a passenger car, driven by Juanita McKenzie, drove off the road and crashed into him. Mr. Cadell was pinned against the back of the truck and died instantly. Another worker, Salvatore Pintone, was also injured in the accident.

McKenzie's vehicle was insured by Travelers Insurance. Mrs. Cadell, on behalf of her husband's estate, settled with Travelers for $10,000.

UOR had an automotive liability policy (the "Policy") through XL, which covered approximately two hundred UOR vehicles, including the truck the decedent drove to the job site. Mrs. Cadell claimed underinsured motorist coverage under the Policy and XL denied coverage.

Mrs. Cadell is the duly appointed administratrix of her husband's estate. She sued on her own behalf, on behalf of her husband's estate, and as mother and next friend of her son, Anderson Cadell, III ("Anderson").

The parties cross-moved for summary judgment on the issue of whether Mrs. Cadell is entitled to coverage under the insurance policy and, to the extent the court determined that she is entitled to coverage, the limit of her coverage. The court granted Mrs. Cadell's motion and denied XL's motion, holding that under the terms of the Policy, Mrs. Cadell was entitled to a limit of $990,000 in coverage. The parties filed a joint motion for entry of judgment, which the court granted, and judgment was entered.

After the court entered judgment, XL filed a notice of appeal to the First Circuit Court of Appeals. While the appeal was pending, the parties filed a joint motion to approve settlement and a joint motion for an indicative ruling[1] regarding

---

[1]Because the case was pending before the First Circuit at the time the parties filed the joint motion to approve settlement, the court lacked authority to grant the motion. Under Federal Rule of Civil Procedure 62.1, a party may request an indicative ruling on a motion for relief that is barred by a pending appeal, in which the court states whether it would grant or deny the motion. See Fed R. Civ. P. 62.1 ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the

their motion to approve settlement in this court.  The court approved the motion for an indicative ruling.[2]  On February 25, 2013, the First Circuit granted the parties' joint request to remand the case to this court.[3]

## Discussion

Local Rule 17.1 provides that "[n]o settlement of any suit brought on behalf of a minor by a parent or next friend shall be valid unless approved by the court."  LR 17.1.  The rule further provides that "[i]f the minor is a New Hampshire resident, the motion shall contain the information required by New Hampshire Superior Court Rule 111."[4]  Id.

---

motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

[2]The parties initially filed both motions on December 7, 2012.  On December 18, 2012, the court held a telephone conference with the parties to discuss the motions.  On January 11, 2013, the parties filed a motion to withdraw and replace the original motions, which the court granted.  The parties subsequently filed a revised motion for an indicative ruling, which the court approved, and a revised motion to approve settlement, which is the subject of this order.

[3]The parties subsequently filed a joint assented to motion to approve the joint motion to approve settlement (document no. 56).

[4]Although the parties did not address Anderson's state of residence in their motion to approve settlement, the complaint states that Mrs. Cadell is a New Hampshire resident.  The motion

Superior Court Rule 111 requires a petition for settlement to contain the following information: "if the amount to be paid to the minor before the age of majority exceeds $10,000.00, the Court shall require proof in the form of a certified statement from the Court of Probate that the guardian ad litem, parent, next friend, or other person who receives money on behalf of the minor whether through settlement, judgment, decree or other order, has been appointed guardian of the estate of such minor and is subject to the duties prescribed under RSA 463:19"; "[a] brief description of the accident and of all injuries sustained and the age of the minor"; "[t]he total amount of the settlement and whether any bills or expenses are to be paid out of the total settlement or are being paid in addition as part of the parent's claim"; "[w]hether the settlement was negotiated by counsel actually representing the minor"; "[t]he net amount to be received on behalf of the minor"; and "[a] prayer that the settlement be approved."[5]  In addition, the petition must be

---

discusses the applicability of Superior Court Rule 111. Therefore, the court assumes that Anderson is a New Hampshire resident.

[5]Superior Court Rule 111 requires additional information if the minor incurred medical expenses.  See Super Ct. R. 111(D)(2), (5), & (6).  As the parties stated in their motion, Anderson did not incur any medical expenses and therefore, those requirements do not apply.

accompanied by a photocopy of the minor's birth certificate and an itemized statement from counsel detailing the nature of the work performed and the time spent on the case.

The parties' motion to approve settlement includes the information required by Superior Court Rule 111. The motion contains a description of the accident, the total amount of the settlement, the expenses paid out of the settlement, a statement that counsel who negotiated the settlement represented Mrs. Cadell as mother and next friend of Anderson, the net amount Anderson will receive from the settlement, and a prayer for relief that the settlement be approved. The motion, and the pages of the settlement agreement attached to the motion, provide that Anderson will receive less than $10,000 before the age of majority. In addition, the motion attaches a photocopy of Anderson's birth certificate and an itemized statement from counsel detailing the nature of the work performed and the time spent on the case.

The parties' motion to approve settlement complies with Superior Court Rule 111. Accordingly, the court approves the settlement.[6]

---

[6] In their motion to approve settlement, the parties requested that the court vacate the September 13, 2012, judgment. That request is approved.

Conclusion

For the foregoing reasons, the parties' joint motion to approve settlement (document no. 51) and joint assented to motion to approve joint motion for approval of settlement (document no. 56) are granted.

The judgment entered on September 13, 2012, is vacated.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 15, 2013

cc: John C. Barker, Esquire
    Richard C. Demerle, Esquire
    John E. Durkin, Esquire
    Paul Michienzie, Esquire