UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Sherry Cadell

    v.                                      Civil No. 11-cv-394-JD

XL Specialty Insurance Company


PROCEDURAL ORDER

On December 7, 2012, the parties filed a joint motion to approve settlement and a joint motion requesting that the motion to approve settlement be sealed because "[a] material term of the settlement is that the specific details of the settlement are to be kept confidential and not made known to the public." The court sealed the motion to approve the settlement on a temporary basis pending review.

On January 11, 2013, the parties filed a motion to withdraw and replace the original motion to approve settlement, as well as a revised joint motion to approve settlement. They also filed a joint motion requesting that the revised motion to approve settlement be sealed on the same ground as their first motion to seal. As with the original motion to approve settlement, the court sealed the revised motion to approve settlement on a temporary basis pending review.

The parties also requested that six other motions be sealed: a joint motion for an indicative ruling; a joint motion to

withdraw and replace the motion for an indicative ruling and the motion to approve settlement; a revised joint motion for an indicative ruling; and the three motions requesting that the court seal the substantive motions. As with the motions to approve the settlement, the court sealed those motions on a temporary basis pending review.[1]

There is a "common-law presumption in favor of public access to judicial records." Nat. Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir. 2011). "[T]he presumption [favoring public access of documents is] strong and sturdy, and thus, only the most compelling reasons can justify non-disclosure of judicial records." Id. (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)) (internal quotation marks omitted). Sufficient compelling reasons may include where the unsealing of documents would make public information the terms of a confidential settlement agreement or where the information is subject to a confidentiality agreement. See Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10-12 (1st Cir. 1998); see also Seals v. Herzing, Inc. - New Orleans, 2012 WL 85280, at *2 (E.D. La. Jan. 11, 2012).

---

[1] On January 31, 2013, the court approved the revised motion for an indicative ruling. On March 15, 2013, the court issued an order granting the revised joint motion to approve settlement.

A.  <u>Motions For Approval Of Settlement</u>

Both the joint motion to approve settlement (document no. 44) and the revised joint motion to approve settlement (document no. 51) contain the specific details of the parties' confidential settlement.  A material term of the settlement provides that specific details thereof are to be kept confidential.  Therefore, the court finds that in order to effectuate and give recognition to the agreement between the parties, the public should not have access to the motions.

In lieu of sealing the documents and in order to preserve the terms of the settlement between the parties, the original copies of the joint motion to approve settlement (document no. 44) and the revised joint motion to approve settlement (document no. 51) will be returned to the filer and the corresponding electronic document will be removed from CM/ECF.

B.  <u>Other Motions</u>

The court has reviewed the motions for an indicative ruling (document nos. 46 & 53), the motion to withdraw and replace (document no. 50), and the motions to seal the aforementioned substantive motions (document nos. 45, 47, & 52), and these

motions do not contain specific details of the settlement.[2] Therefore, the court does not see any reason to keep these motions or the January 31, 2013, order under seal or return the motions to the filer. The parties shall confer and, if they believe good cause exists to keep these motions or the January 31, 2013, order confidential, they shall file joint or several motions requesting such relief with the reasons therefor no later than **March 25, 2013**, failing which document nos. 45, 46, 47, 50, 52, and 53, as well as the January 31, 2013, order, will be unsealed.

    SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

March 15, 2013

cc:   John C. Barker, Esquire
       Richard C. Demerle, Esquire
       John E. Durkin, Esquire
       Paul Michienzie, Esquire

---

[2] In addition, the court sealed the January 31, 2013, order approving the revised motion for an indicative ruling. The order also does not contain specific details of the settlement.